**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4562**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TITUS TERRELL GRADY, a/k/a Hell Rell,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:12-cr-00127-D-1)

Submitted: January 27, 2014      Decided: January 31, 2014

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Titus Terrell Grady pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2012). The district court calculated Grady's Guidelines range under the U.S. Sentencing Guidelines Manual (2012) at 262 to 327 months' imprisonment and sentenced Grady to 312 months' imprisonment. On appeal, Grady's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the 312-month sentence is reasonable. The Government has moved to dismiss the appeal of Grady's sentence based on the waiver of appellate rights included in the plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right

2

to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Grady knowingly and voluntarily waived the right to appeal his 312-month sentence. We therefore grant the Government's motion to dismiss and dismiss the appeal of Grady's sentence. Although Grady's appeal waiver insulates his sentence from appellate review, the waiver does not prohibit our review of his conviction pursuant to Anders. In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm Grady's conviction and dismiss the appeal of his sentence.

This court requires that counsel inform Grady, in writing, of the right to petition the Supreme Court of the United States for further review. If Grady requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grady.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

DISMISSED IN PART; AFFIRMED IN PART